IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MUNAH GWYAN, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>V.<br><br>CDM FEDERAL PROGRAMS CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 4:20-cv-2613<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Munah Gwyan ("Plaintiff") brings this suit against CDM Federal Programs Corporation ("Defendant") to recover regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff asserts her FLSA claims on behalf of herself and Defendant's current and former employees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction because Plaintiff's claims arise under the FLSA.

3. Venue is proper in the United States District Court for the Southern District of Texas – Houston Division because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Munah Gwyan resides in Texas.

5. Defendant is a corporation organized in Massachusetts.

6. Defendant may be served through its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## FLSA COVERAGE

7. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

8. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

9. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

11. Throughout the Claims Period, Defendant was an employer of Plaintiff and all similarly situated employees.

12. Throughout the Claims Period, Plaintiff and all similarly situated individuals were Defendant's employees.

13. Throughout the Claims Period, Defendant employed Plaintiff and all similarly situated employees.

## FLSA VIOLATION

14. Defendant is part of an organization that secured contracts with the Federal Emergency Management Agency ("FEMA"). The federal contracts are known as the Public Assistance Technical Assistance Contract III ("PA TAC III") and Public Technical Assistance Contract IV ("PA TAC IV").

15. In September 2017, Defendant's organization secured a task order through the PA TAC III contract to provide services related to Hurricane Harvey's damage in Texas. Defendant provided services under PA TAC III until January 2019. In January 2019, Defendant's organization secured a new five-year contract, known as PA TAC IV.

16. Plaintiff worked for Defendant under PA TAC III and PA TAC IV.

17. Defendant paid Plaintiff on an hourly basis.

18. Plaintiff worked overtime (*i.e.*, more than 40 hours per week) for Defendant on numerous occasions during the Claims Period.

19. Defendant did not pay Plaintiff one-and-one-half times her regular rate of pay for each overtime hour she worked during the Claims Period.

20. Instead, Defendant paid Plaintiff her hourly rate (*i.e.*, "straight time") for each accepted work hour she recorded in the company's timekeeping system, including her overtime hours.

21. Defendant paid nearly all of its employees on PA TAC III and PA TAC IV in the same manner.

22. By engaging in this pay practice, Defendant deprived its employees of their right under the FLSA to receive time-and-a-half pay for their overtime hours.

23. Defendant may argue Plaintiff was exempt from the FLSA's time-and-a-half requirement, but Defendant's compensation policy and practice does not satisfy the FLSA's salary-basis test for exempt employees. *See* 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.").

24. When Plaintiff recorded fewer than 40 hours, Defendant paid her a standard hourly rate for each hour she recorded, just as it did when she recorded more than 40 hours. Defendant's policy and practice of paying Plaintiff in this manner does not satisfy the salary-basis test for exempt employees.

25. Plaintiff's work also does not satisfy the job-duties requirements for any overtime-pay exemptions under the FLSA.

26. Defendant owes Plaintiff .5 times her regular rate of pay for each recorded overtime hour she worked each week during the Claims Period, plus liquidated damages in the same amount.

27. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

## COLLECTIVE ALLEGATIONS

28. Plaintiff incorporates the prior allegations in this Complaint and restates them here on behalf of all individuals who were paid straight time for overtime hours each week during the Claims Period.

29. Defendant paid these individuals on an hourly basis. Defendant did not pay them time-and-a-half for the overtime hours they worked each week. Instead, Defendant paid them straight time for the recorded overtime hours they worked each week.

30. Plaintiff and these similarly situated workers are hereafter referred to as "the Straight-Time Plaintiffs."

31. Plaintiff seeks to represent the interests of the Straight-Time Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

32. The Straight-Time Plaintiffs often worked more than 40 hours a week during the Claims Period.

4

33. Defendant failed to pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

34. Defendant owes the Straight-Time Plaintiffs .5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, plus liquidated damages in the same amount.

35. The Straight-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

36. The Straight-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendant paid them on an hourly basis, and Defendant paid them "straight time" for each recorded overtime hour instead of the time-and-a-half rate required under the FLSA.

37. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Current and Former Employees Who Were Paid Straight Time Instead of Time-And-A-Half for Recorded Overtime Hours (Hours Over 40) During Any Week from July 24, 2017 to the Present.

38. Plaintiff reserves the right to modify the collective definition.

## WILLFUL VIOLATION

39. Defendant willfully violated the FLSA. Defendant either knew it should pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so.

## JURY TRIAL DEMANDED

40. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

5

**PRAYER FOR RELIEF**

Plaintiff Munah Gwyan demands a judgment for herself and all similarly situated individuals against Defendant CDM Federal Programs Corporation for the following:

a. Unpaid regular and overtime wages;

b. Liquidated damages;

c. Prejudgment interest on all amounts awarded at the highest rate allowable by law;

d. Attorneys' fees and costs;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. All other relief the Court finds proper.

Dated: July 24, 2020
       Houston, Texas

    Respectfully submitted,

    */s/ Ricardo J. Prieto*
    Ricardo J. Prieto

    **SHELLIST LAZARZ SLOBIN LLP**
    Ricardo J. Prieto
    State Bar No. 24062947
    rprieto@eeoc.net
    Melinda Arbuckle
    State Bar No. 24080773
    marbuckle@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEY-IN-CHARGE FOR ALL NAMED AND
    OPT-IN PLAINTIFFS