# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MUNAH GWYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CDM FEDERAL PROGRAMS CORPORATION and CDM SMITH INC.,<br><br>Defendants. | Civil Action No. 4:20-cv-02613<br><br>**UNOPPOSED MOTION TO FILE JOINT MOTION FOR APPROVAL OF SETTLEMENT UNDER SEAL AND MEMORANDUM IN SUPPORT** |

Defendants CDM Federal Programs Corporation and CDM Smith Inc. (hereinafter referred to as "CDM" or "CDM Entities"), (collectively with Plaintiffs referred to as the "Parties") hereby file this Unopposed Motion to file the Motion for Approval of Settlement and supporting exhibits (including the Parties' Confidential Settlement Agreement) under seal for the Court's consideration and approval pursuant to the Fair Labor Standards Act and related state and territorial laws because the terms of the Settlement Agreement are highly confidential and their publication would frustrate the intent of the Parties. Plaintiffs do not oppose this motion. Moreover, sealing these documents is appropriate in this case because: (i) an overriding interest exists that overcomes the right of public access; (ii) the overriding interest supports sealing the documents; (iii) a substantial probability exists that the overriding interest will be prejudiced if the document is not sealed; (iv) the proposed sealing is narrowly tailored; and (v) no less restrictive means exist to achieve the overriding interest.

Accordingly, Defendants respectfully requests that the Court grant the Motion and permit filing of the motion for approval and supporting exhibits under seal.

69091981v.1

## STATEMENT OF FACTS

This is an action to recover unpaid wages, liquidated damages, litigation costs and attorney fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and related state and territorial laws. The Named Plaintiffs initially filed this action on July 24, 2020, alleging that Defendants violated the FLSA by not paying the overtime premium. The Named Plaintiffs alleged that the Complaint was brought on behalf of themselves and "others similarly situated." Defendants have disputed these contentions, and the Court has yet to resolve them.

The Parties mediated the case on November 17, 2020, with Charles Stohler.  The next day, the Parties agreed to a global settlement in principal.  Over the ensuing weeks, the Parties have negotiated the wording of the Settlement.

Plaintiffs have prepared and are ready to file their Motion for Approval requesting the Court to review and approve their settlement agreement and dismiss Plaintiffs' claims with prejudice.  The Parties' Settlement Agreement contains a confidentiality provision which prohibits disclosure of the terms of the settlement agreement, with certain limited exceptions.  In order to effectuate the confidentiality provision in the Parties' settlement agreement, and in order to protect Defendants' privacy interests, the Parties request permission to file their Motion for Approval and the supporting exhibits (including the Parties' Settlement Agreement) under seal, so that the Court can review the motion and settlement agreement *in camera*.

## LEGAL ANALYSIS

**I.    The Court Has Authority to Allow the Parties to File the Confidential Settlement Agreement Under Seal**

The presumption that documents filed with the Court are considered public documents is a rebuttable one.  This Court has the authority to order documents sealed or to review documents *in camera*.

Pursuant to Federal Rule of Civil Procedure 5.2(d), the Court may order that a filing be made under seal for good cause. *See also Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). Courts routinely allow parties in FLSA disputes to file their settlement agreements under seal. *See e.g., Kelly v. Bank of America, et al*, Case No. 1:10-cv-5332, at Docket No. 265 (N.D. Ill.); *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098, at *1-2 & n.1 (S.D.N.Y. 2010) ("[b]ecause the terms of the [FLSA] settlement agreement are confidential, it will be filed under seal"); *Almodova v. City and Cty. of Honolulu*, No. 07-00378 AE-LEK, 2010 U.S. Dist. LEXIS 33199, at *43 (D. Haw. Mar. 31, 2010) (recommending judicial approval of an FLSA settlement in which the list of plaintiffs who signed the agreement and the amount offered them were filed under seal); *King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 U.S. Dist. LEXIS 129054, at *2 (M.D. Fla. 2009) (approving settlement agreement in FLSA matter where agreement was filed under seal); s*ee also Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 10-cv-02600-LHK, 2011 U.S. Dist. LEXIS 22365, at *3-4 (N.D. Cal. Feb. 18, 2011) ("The Court finds that, to the extent that the documents discuss or disclose the terms of the [settlement] Agreement, good cause exists to permit filing under seal.").

What is clear from the above-cited cases is that courts have the discretion to uphold FLSA litigants' wishes to keep the terms of a confidential settlement out of the public specter when good cause exists. In this case, the Parties have good reasons to justify the confidentiality that they desire.

**II.     Good Cause Exists for Allowing the Parties to File Their Confidential Settlement Agreement Under Seal.**

The Parties have an interest, as well as a contractual agreement, to protect the terms of their Settlement Agreement. The Parties agree that this Court should review their Settlement Agreement

to ensure that the settling named and opt-in plaintiffs may validly waive their rights under the FLSA and to make a determination that the settlement is fair and reasonable. However, as is typical in this type of action, the Parties' Settlement Agreement is confidential, and the Parties placed a premium on confidentiality when reaching settlement. Paragraph No. 31 of the Parties' Settlement Agreement contains a confidentiality provision that encompasses the agreement's terms, the settlement amounts, and the circumstances giving rise to the settlement. These are material terms that cannot be effectuated if the agreement is publicly available. Consequently, the Parties agree that it is critical that the confidential nature of the settlement agreements be preserved.

Defendants insisted on the confidentiality clause, particularly as to the amount of the settlement, as a material term of the settlement for a number of important business reasons, including to reduce the risk of frivolous claims. In addition, because the industry is extremely competitive, releasing the Settlement Agreement's terms to the public may put Defendants at a competitive disadvantage.

The necessity of Court approval to release Plaintiffs' FLSA and state wage claims will defeat confidentiality, unless the Court orders that the Motion for Approval (which discusses the terms of the settlement in detail) and its supporting exhibits (including the Settlement Agreement) be sealed. Thus, because of the Parties' interest and their express confidentiality agreement, the Parties request that this Court grant them permission to file their settlement agreement under seal.

By contrast, the public has no strong or otherwise legitimate interest in knowing the terms of a private contract between private parties. The Parties are not state actors. They are private citizens attempting to resolve their dispute via a private contract. Just as the public has no general right to learn the terms of any private settlement between private parties, the public has no right to learn the terms of the Confidential Settlement Agreement in this case. As such, the Parties' strong

private interests in preserving the confidential nature of the Confidential Settlement Agreement substantially outweighs the public's non-existent right to the information.

The proposed sealing is also narrowly tailored. The settlement pertains to and will bind the named Plaintiffs and any opt-in plaintiffs who submit a consent form to join the case and participate in the settlements. As part of the proposed settlement process, each named and opt-in plaintiff will receive notice of the settlement and a summary of the settlement terms. Thus the Plaintiffs are the only individuals with a specific need to know the settlement terms. Keeping the Settlement Agreement and its terms confidential would not deprive the public of any information of interest to the wider public.

Counsel for Defendants contacted Plaintiffs' counsel on March __, 2021 regarding the relief requested in this Unopposed Motion. Plaintiffs consent to the sealing of the Motion for Approval of Settlement and supporting exhibits. Parties intend to file their Motion for Approval as soon as the Court grants leave to file it under seal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court enter an order allowing the Parties to submit the Motion for Approval of Settlement and supporting exhibits under seal directly to the Chambers of the Honorable Judge Kenneth M. Hoyt for *in camera* inspection (in lieu of filing a copy of the on the public docket).

DATED: April 5, 2021

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| SHELLIST LAZARZ SLOBIN LLP | SEYFARTH SHAW LLP |
| By: /s/ Ricardo J. Prieto w/permission<br>  Ricardo J. Prieto<br>  State Bar No. 24062947<br>  rprieto@eeoc.net<br>  Melinda Arbuckle<br>  State Bar No. 24080773<br>  marbuckle@eeoc.net<br>  11 Greenway Plaza, Suite 1515<br>  Houston, Texas  77046<br>  Telephone:  (713) 621-2277<br>  Facsimile:   (713) 621-0993<br><br>  ATTORNEYS FOR PLAINTIFF<br>  MUNAH GWYAN | By: /s/ Kathryn C. Palamountain<br>  Kathryn C. Palamountain<br>  S.D. ID No. 892855<br>  cpalamountain@seyfarth.com<br>  700 Milam Street, Suite 1400<br>  Houston, Texas  77002-2812<br>  Telephone: (713) 225-2300<br>  Facsimile:  (713) 225-2340<br><br>  ATTORNEYS FOR DEFENDANTS<br>  CDM FEDERAL PROGRAMS<br>  CORPORATION and CDM SMITH INC. |

## **CERTIFICATE OF SERVICE**

I, do hereby certify that I have caused a true and correct copy of the foregoing document to be served upon the following by filing the same with the Court's CM/ECF electronic filing system on this 5th day of April 2021:

Ricardo J. Prieto
Melinda Arbuckle
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas  77046

/s/ Kathryn C. Palamountain
Kathryn C. Palamountain