United States District Court
Southern District of Texas
**ENTERED**
May 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUNAH GWYAN, ET AL. individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CONSOLIDATED ACTION |
| V. | § § | LEAD CASE: |
| CDM FEDERAL PROGRAMS CORPORATION and CDM SMITH INC. | § § § § | CIVIL ACTION NO. 4:20-cv-02613 |
| Defendants | § | |

## ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Approval of Collective Action Settlement.

WHEREAS, on July 24, 2020 Plaintiff Munah Gwyan filed this lawsuit seeking damages under the FLSA on a collective action basis for Defendant's failure to pay overtime premium pay to employees paid on an hourly basis. (ECF No. 1 (Plaintiff's Original Complaint).)

WHEREAS, on September 23, 2020, Plaintiff Horace Batiste filed a related claim, *Batiste v. CDM Federal Programs Corporation, et al.*, Case No. 3:20-cv-01497 in the District for Puerto Rico on September 23, 2020. ("*Batiste.*")

WHEREAS, on October 19, 2020, Plaintiff Donald Ali filed a related claim, *Ali v. CDM Federal Programs Corporation, et al.*, Case No. 2:20-cv-05008, in the Eastern District of New York. ("*Ali.*")

WHEREAS, on November 17, 2020, the Parties mediated and resolved the *Gwyan*, *Batiste*, and *Ali* cases with the assistance of experienced wage and hour mediator Charles Stohler.

1

WHEREAS, Plaintiffs and Defendants entered into the Settlement Agreement, as submitted to the Court by Defendant under seal, on March 5, 2021.

WHEREAS, the Settlement Agreement sets forth the terms and conditions for a proposed settlement in this action.

WHEREAS, the Plaintiffs have requested that the Court enter an Order approving the Settlement Agreement and thereafter dismissing the lawsuit with prejudice.

WHEREAS, the Court is satisfied that the Settlement Agreement resolves a bona fide dispute between the Parties under the FLSA and was the result of good faith, arms'-length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendants.

AND WHEREAS, the Court having reviewed and considered the Settlement Agreement, makes the following findings and grants the relief set forth below:

**IT IS HEREBY ORDERED AS FOLLOWS:**

### I. JURISDICTION

1. The Court has jurisdiction over the subject matter of this action, including the claims asserted, and has jurisdiction over Plaintiffs, the Settlement Collective Action Members, and Defendants, as well as the implementation of the Settlement Agreement.

### II. APPROVAL OF SETTLEMENT AGREEMENT

2. The Court finds the Settlement Agreement resolves a bona fide dispute between Plaintiffs and Defendants, and is fair and reasonable. The Court approves the Settlement Agreement. Thus, all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

3. The Court finds that the Settlement Agreement is within the range of reasonableness. The Court finds that sufficient investigation, research and litigation have been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, including the additional costs and delays associated with the continued prosecution of this action.

4. The Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendants, under the supervision of a third-party mediator, after thorough factual and legal investigation.

5. The Court finds and determines that the payments to be made to the Plaintiffs, including service awards, as provided in the Settlement, are fair and reasonable. The Court also finds the plan of allocation is rational.

6. The Court finds and determine that the release of claims under the Fair Labor Standards Action 29 U.S.C. §§ 201-219, and the Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, are fair and sufficient to extinguish claims against Defendants, as set out in the Settlement Agreement. Each released claim of a Settlement Collective Action Member as memorialized by an executed release shall be deemed to be conclusively released as to Defendants as identified in the Settlement Agreement. Each Participating Collective Action Member shall be forever barred and enjoined from prosecuting any released claims against Defendant.

7. Based upon all papers filed with the Court, the Court's observation and assessment of the performance of Plaintiffs' Counsel throughout this litigation, the resulting settlement recovery, and other good cause shown, the Court finds that payment to Plaintiffs' Counsel pursuant to the terms of the Settlement Agreement, for all past and remaining work until completion of this matter, is fair and reasonable. Specifically, the Court finds that in light of the result obtained for

the Plaintiffs, the contingent nature of the litigation, the experience of Plaintiffs' Counsel, and the preclusion of other employment necessitated by the hours Plaintiffs' Counsel devoted to this litigation, the agreed upon fees, costs and expenses should be awarded

### III.   FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

8. By means of this Order, this Court hereby enters final judgment in this action and dismissal of the claims with prejudice.

9. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement. Nothing in this Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendants effectuate the monetary terms of the Settlement Agreement.

10. The Parties are hereby ordered to comply with the terms of the Settlement.

11. This action is dismissed with prejudice, Plaintiffs' Counsel is awarded attorney's fees, cost and expenses as provided by the Settlement Agreement and this Order.

It is so ORDERED.

SIGNED on this 10th day of May, 2021.

Kenneth M. Hoyt
United States District Judge